**SO ORDERED.**

**SIGNED this 6 day of August, 2019.**



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 19-01939-5-DMW |
| **PARHELION INCORPORATED** | |
| | CHAPTER 11 |
| DEBTOR | |

| | |
|---|---|
| **AKIL MANAGEMENT SERVICES B.V. and WAVES ASSET MANAGEMENT B.V.,** | |
| PLAINTIFFS | **ADVERSARY PROCEEDING NO.** |
| vs. | **19-00077-5-DMW** |
| **PARHELION INCORPORATED, RICHARD REDPATH, JAMES REDPATH, and PARHELION B.V.,** | |
| DEFENDANTS | |

**MEMORANDUM OPINION AND ORDER REMANDING ADVERSARY PROCEEDING AND RECOMMENDATION TO DISTRICT COURT REGARDING MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING**

These matters came before the court at a Status Conference conducted in the case on July 23, 2019, at which time the court contemplated the Motion to Withdraw Reference of Adversary Proceeding ("Reference Motion") filed by Akil Management Services B.V. and Waves Asset Management B.V. (collectively "Plaintiffs") on July 22, 2019.  R. Daniel Boyce, Esq. appeared

for the Plaintiffs, William P. Janvier, Esq. appeared for Parhelion Incorporated ("Debtor Defendant"), and Ryan J. Adams, Esq. appeared for Richard Redpath, James Redpath, and Parhelion B.V. ("Non-debtor Defendants"). Based upon the court record and statements of counsel, the court *sua sponte* determined, with the agreement of the parties, that this adversary proceeding must be remanded to the Superior Court for Wake County, North Carolina ("State Court") pursuant to 28 U.S.C. § 1447(c). The court further opined that remanding the action moots the Reference Motion pending for determination by the United States District Court for the Eastern District of North Carolina ("District Court"), and additional cause exists for denial of the Reference Motion.

## BACKGROUND

The Plaintiffs initiated this action on October 3, 2018 by filing a Complaint in the State Court against the Debtor Defendant and the Non-debtor Defendants (collectively "Defendants"), File Number 18-CVS-12146. The Complaint sets forth sixteen claims for relief, each asserted by one or both of the Plaintiffs against one or more of the Defendants, for various state law causes of action, including breach of contract, quantum merit, declaratory judgment, breach of fiduciary duty, fraudulent misrepresentation and concealment of material facts, unfair and deceptive trade practices, appointment of receiver, corporate dissolution, preliminary and permanent injunction, and civil conspiracy. The Debtor Defendant is a named as a defendant in eight of the sixteen claims for relief.

Prior to the deadline for responding to the Complaint, the parties agreed to participate in a mediated settlement conference. This conference took place on November 30, and December 1, 2018. On December 1, 2018, the parties executed a Mediated Settlement Agreement ("Settlement Agreement"). The Settlement Agreement is a rudimentary agreement that contemplates the

execution of additional documents and agreements to effectuate fully the compromise; however, the parties were not able to agree upon the terms of these additional documents.

The Plaintiffs filed on February 22, 2019 and amended on March 25, 2019 a Motion to Enforce Settlement Agreement, Entry of Judgment & Motion for Costs, Attorneys' Fees, and Sanctions ("Enforcement Motion").  After conducting a hearing on April 1, 2019, the State Court entered an Order denying the Enforcement Motion on April 12, 2019.  The State Court concluded that an evidentiary trial was needed to determine whether the Settlement Agreement was binding and enforceable on the parties and severed this issue from the merits of the action.  The State Court ordered the parties to submit a Case Management Order on the Settlement Agreement issue within twenty-one days, but in the interim, the Debtor Defendant filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on April 30, 2019.

On May 10, 2019, the Debtor Defendant filed a Notice of Removal of this action from the State Court to this court pursuant to 28 U.S.C. § 1452.  The court conducted an initial status conference on June 26, 2019, at which time the parties suggested they might agree to abandon the Settlement Agreement and move forward with litigation of the Plaintiffs' claims for relief, with the possibility of counterclaims being asserted against the Plaintiffs.  The court continued the Status Conference until July 23, 2019 to allow the parties time to determine whether they could agree that the Settlement Agreement is not enforceable or whether the court would need to proceed with litigation of that issue as directed by the State Court.

On the eve prior to the continued Status Conference, the Plaintiffs filed a Withdrawal of the Enforcement Motion and a Notice of Dismissal of Certain Claims ("Dismissal Notice").  In the Dismissal Notice, the Plaintiffs dismissed without prejudice six claims for relief either against the Debtor Defendant solely or against the Debtor Defendant and other Non-debtor Defendants.  The

Plaintiffs additionally dismissed without prejudice the Debtor Defendant only as to two other claims for relief against the Debtor Defendant and other Non-debtor Defendants.  As a result of the Dismissal Notice, the Debtor Defendant is dismissed as to all claims for relief asserted against it and is no longer a party to the adversary proceeding.  The Plaintiffs also filed the Reference Motion, requesting the District Court to withdraw reference of this adversary proceeding to this court.  The Plaintiffs argue that the District Court should withdraw the reference, because with the dismissal of the Debtor Defendant, the bankruptcy court does not have subject matter over the proceeding, and because the Plaintiffs do not consent to this court conducting a jury trial or entering a final judgment on non-core claims for relief against the Non-debtor Defendants.

## DISCUSSION

In the Reference Motion, the Plaintiffs make an all-too-common misapprehension that a bankruptcy court's subject matter jurisdiction is distinct from the federal district court.  The bankruptcy court is a unit of the district court, compromised of the bankruptcy judges for the district. 28 U.S.C. § 151.  While Article I bankruptcy judges have more limited statutory and constitutional authority to hear and determine certain matters than the Article III district judges, subject matter jurisdiction over bankruptcy cases and proceedings is one and the same.

Federal jurisdiction over bankruptcy cases and proceedings is established by 28 U.S.C. § 1334 which provides in part as follows:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Except as provided in subsection (e)(2),[1] and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases in title 11.

---

[1] This subsection gives the district court exclusive jurisdiction over matters involving the employment of professional persons under 11 U.S.C. § 327.

28 U.S.C. § 1334.  A district court may refer this jurisdiction to its bankruptcy judges that serve as officers of that district court:  "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a).  The District Court entered a general order which refers its subject matter jurisdiction over "any and all cases under Title 11 and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 . . . *to the bankruptcy judges* for the Eastern District of North Carolina."  Referral of Bankruptcy Matters to Bankruptcy Judges (E.D.N.C. Aug. 3, 1984) (emphasis added).  The term "district court" as used throughout Title 28 of the United States Code encompasses its unit "bankruptcy court" compromised of the bankruptcy judges to whom bankruptcy cases and proceedings are referred, and the terms can be interchanged. *See Kozec v. Murphy (In re Murphy)*, 569 B.R. 402, 416-17 (Bankr. E.D.N.C. 2017).  When there is a distinction of authority to adjudicate a matter, Title 28 refers to either the "bankruptcy judge" or the "district judge." *Id.* at 418.

The Debtor Defendant removed this action to the court pursuant to 28 U.S.C. § 1452 which provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, *if such district court has jurisdiction of such claim or cause of action under section 1334 of this title*." 28 U.S.C. § 1452(a) (emphasis added).  At the time of removal, the Debtor Defendant was still a party to the lawsuit, presumably creating "related to" jurisdiction under 28 U.S.C. § 1334(b).  That jurisdiction is lost with the dismissal of the Debtor Defendant.  The parties and the court agree that none of the surviving claims for relief against the Non-debtor Defendants is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2) or is related to the Debtor Defendant's bankruptcy case.

5

In the Reference Motion, the Plaintiffs argue that with the dismissal of the Debtor Defendant as a party to this proceeding, the court lost its subject matter jurisdiction under 28 U.S.C. § 1334, because "all of [the remaining claims for relief] are non-core claims, not requiring interpretation or application of federal or bankruptcy law and not arising under, arising in or related to the [Debtor Defendant's] bankruptcy case within the meaning of 28 U.S.C. § 1334." Motion to Withdraw Reference, pp. 7-8, ECF No. 10.  The Plaintiffs are correct that no federal jurisdiction under 28 U.S.C. § 1334 exists, meaning that the District Court does not have subject matter jurisdiction that is referred to this court under 28 U.S.C. § 157(a) and the District Court's general order of reference.  Without this initial jurisdiction in the District Court, no referred jurisdiction to this court exists that can be withdrawn.  The court, therefore, need not consider the Plaintiffs' additional arguments that withdrawal of the reference is equitable and appropriate due to the Plaintiffs not consenting to a final adjudication or conducting of a jury trial by this court.[2]

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be* remanded." 28 U.S.C. § 1447(c) (emphasis added).  The net effect of 28 U.S.C. §§ 1447(c) and 1452(a) "is that the district court, and hence, the bankruptcy court, must remand any removed claim or cause of action over which it lacks subject matter jurisdiction." *Joremi Enters., Inc. v. Hershkowitz (In re New 118th LLC)*, 396 B.R. 885, 890 (Bankr. S.D.N.Y. 2008).

---

[2] Absent consent of the parties, a bankruptcy judge may hear but not determine a non-core proceeding related to a bankruptcy case; rather, the bankruptcy judge submits proposed findings of fact and conclusions of law to the district court, with any final order or judgment to be entered by the district judge. 28 U.S.C. § 157(c). Similarly, "[i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e).

CONCLUSION

The District Court, including this court through the standing referral pursuant to 28 U.S.C. § 157(a), has no subject jurisdiction over this adversary proceeding under 28 U.S.C. § 1334, and the court is required to remand the action to the State Court pursuant to 28 U.S.C. § 1447(c). The remanding of the action and the District Court's lack of jurisdiction moot effectively the Reference Motion; however, the court cannot make this adjudication. Rule 5011(a) of the Federal Rules of Bankruptcy Procedure requires that "[a] motion for withdrawal of a case or proceeding shall be heard by a district judge." Fed. R. Bankr. P. 5011(a). The court will transmit the Reference Motion to the District Court with the recommendation that it be denied as moot; now therefore,

It is ORDERED, ADJUDGED, and DECREED as follows:

1. This adversary proceeding be, and hereby is, remanded to the State Court; and

2. The Clerk be, and hereby is, directed to transmit the Reference Motion, along with a copy of this Opinion and Recommendation, to the District Court for adjudication.

**END OF DOCUMENT**